UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT-NEXTEL,<br><br>Defendant. | Case No. 1:11-cv-00619-BLW-LMB<br><br>**REPORT AND RECOMMENDATION** |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>BOISE CITY/ADA COUNTY HOUSING AUTHORITY,<br><br>Defendants. | Case No. 1:12-cv-00024-BLW-LMB |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>BOISE CITY ATTORNEY'S OFFICE, and BOISE POLICE DEPARTMENT,<br><br>Defendants. | Case No. 1:12-cv-00168-BLW-LMB |

| | |
|---|---|
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING AND URBAN DEVELOPMENT,<br><br>Defendant. | Case No. 1:12-cv-00169-BLW-LMB |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>BOISE CITY POLICE DEPARTMENT,<br><br>Defendant. | Case No. 1:12-cv-00176-BLW-LMB |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>P. GLORIA DeKELLEY,<br><br>Defendant. | Case No. 1:12-cv-00177-BLW-LMB |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>LEGAL AID,<br><br>Defendant. | Case No. 1:12-cv-00301-BLW-LMB |

| | |
|---|---|
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN FAIR HOUSING COUNCIL,<br><br>Defendant. | Case No. 1:12-cv-00305-BLW-LMB |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO DEPARTMENT OF HEALTH AND WELFARE,<br><br>Defendant. | No. 1:12-cv-00316-BLW-LMB |
| RODRICK G. DeROCK,<br><br>Plaintiff,<br><br>v.<br><br>LIVING INDEPENDENCE NETWORK CORPORATION,<br><br>Defendant. | No. 1:12-cv-00339-BLW-LMB |

Plaintiff Rodrick DeRock has the filed the above captioned lawsuits in relation to an ongoing dispute DeRock has regarding an increase in rent at his place of residence. All but one of his filings are in letter form, but the Court has considered, and will refer to all of them, as

"Complaints." The ten lawsuits that are the subject of this Order were filed between December 9, 2011, and July 5, 2012. In summary, the common theme is that DeRock claims the various defendants in each action has played some part in conspiring to have him evicted or unlawfully pay increased rent.

The above-captioned cases were consolidated for ease of administration by the presiding District Judge, Hon. B. Lynn Winmill, by Order dated July 20, 2012. At the same time, Judge Winmill referred the consolidated action to the undersigned for all matters.

Each of Plaintiff's complaints was conditionally filed by the Clerk of Court based on his requests for in forma pauperis status. Accordingly, the Court now reviews the Complaints to determine whether any should be dismissed under 28 U.S.C. § 1915(e)(2).

Having reviewed the record, read each complaint, and otherwise being fully informed, the Court enters the following recommendation that all of Plaintiff's Complaints addressed here be dismissed with prejudice, that all of his pending motions be denied, and that a vexatious litigant order be entered.

## REPORT

**A.    Claims and Supporting Facts**

In his Complaints, Plaintiff makes various allegations against each defendant. Each lawsuit, however, in one way or another, appears to relate to an increase in DeRock's rent at his residence. Reading the complaints together with the exhibits provided, it appears that DeRock is living in a two bedroom apartment, but paying at a one bedroom apartment rate because of a subsidy provided by the Boise City/Ada County

Housing Authority ("BCACHA").  Plaintiff claims he needs an additional bedroom for therapeutic reasons related to an undisclosed disability.  In sum, DeRock argues that he shouldn't be assessed a rental rate for two bedrooms because one of the bedrooms is actually a home gym, or "therapeutic room."

From the multitude of documents submitted by DeRock, it appears that after receiving a subsidy for the additional bedroom for sometime, the subsidy rate was recalculated, and DeRock's therapeutic room was disallowed.  In response, DeRock filed a discrimination complaint filed with the United States Department of Housing and Urban Development ("HUD").  It appears that HUD determined that no reasonable cause existed to support Plaintiff's claim of discrimination.

Following the negative HUD determination, DeRock appealed, and also began then filing multiple lawsuits against many defendants, each of whom he claims played some part in denying his discrimination claim.  DeRock also claims, to various degrees, that each Defendant spied on him, stole his identity, or generally harassed him.  In total, Plaintiff has filed twelve cases in this District, ten of which have been consolidated here.[1]  The following is a summary of each of Plaintiff's lawsuits.

---

[1] Two of Plaintiff's actions were previously dismissed on initial review for failing to state a claim upon which relief may be granted.  *DeRock v. Hous. and Urban Dev.*, 1:11-cv-00133-MHW; *DeRock v. Boise Police Dept.*, 1:11-cv-00138-MHW.

**REPORT AND RECOMMENDATION - 5**

      1.      **Defendant Sprint-Nextel, 1:11-cv-00619-BLW-LMB**
             **(Filed December 9, 2012)**

Of the ten complaints being reviewed here, DeRock's complaint against Sprint-Nextel is the only one that is not in letter form. Rather, it is made on a civil rights complaint form made available to prisoners filing such claims. Attached to the complaint form is a two and a half page, single-spaced letter labeled "Appendix D," which contains further, more specific, information about his claims.

Therein, DeRock describes that shortly after filing his appeal with HUD in December 2010, he began experiencing dropped calls on his cellular phone. Plaintiff's cellular carrier was Sprint-Nextel. Concerned about the call performance and some perceived anomalies he observed on his phone, Plaintiff called Spint-Nextel's technical support line. According to Plaintiff, after speaking with a person in technical support, he determined that HUD had obtained a federal warrant and tapped his cellular phone.

It is unclear what specific relief Plaintiff is seeking in this action, though he does claim that he is not getting the phone service he expected under the contract with Sprint-Nextel.

      2.      **Defendant Boise City/Ada Cnty. Hous. Auth., 1:12-cv-024-BLW-LMB**
             **(Filed January 20, 2012)**

In what has been titled as a complaint, "trying to make me homeless," brought against Defendant Boise City/Ada County Housing Authority ("BCACHA"), DeRock

submits a letter to the Court apparently claiming that he is being denied a subsidy for a home gym "because they are trying to make me move and to get me out of the program."

As in his Complaint against Sprint-Nextel, it is unclear what relief Plaintiff is seeking in this action, other than, presumably, an order granting him the extra room at no cost. It is clear, however, that the precipitating event that led to the filing of this case was HUD's denial of DeRock's discrimination claim.

### 3. Defendant Boise City Attorney's Office, 1:12-cv-0168-BLW-LMB (Filed April 3, 2012)

According to DeRock, on May 15, 2011, he "was falsely arrested for disturbing the peace." (Complaint, Dkt. 2 at 2) DeRock claims that the City Attorney's Office and the police department colluded in prosecuting Plaintiff on false charges. DeRock includes in his complaint allegations that police and prosecutors have refused to prosecute claims by DeRock that HUD illegally tapped his phone and stole his identity. DeRock also claims that the defendants have refused to investigate other crimes suffered by him, including someone entering his home and torturing his dog.

Included with the Complaint, DeRock submitted several exhibits, including a letter from BCACHA informing him that his "Section 8 rental assistance may be affected by [DeRock's] failure to abide by the terms of the lease." The letter goes on to inform DeRock that his landlord sent BCACHA "a copy of the notice served [on DeRock] on May 9, 2011, of lease violations specifically [DeRock was] heard yelling vulgar and obscene words, in a threatening manner inside your apartment."

Plaintiff, again, makes no clear request for any specific relief.

4. **Defendant Housing & Urban Development, 1:12-cv-169-BLW-LMB (Filed April 3, 2012)**

In his complaint against HUD, DeRock largely restates his generalized claims of discrimination. Essentially, he claims that HUD, acting through BCACHA, is "discriminating against me by making me pay for my therapeutic bedroom that they had been paying for, for 4 years."

Plaintiff also claims that he was arrested for disturbing the peace. However, he argues that the arrest was founded on lies, and was in reality retaliation for his filing of a discrimination claim with HUD against his landlord.

Again, Plaintiff makes no claim for specific relief.

5. **Defendant Boise City Police Dept., 1:12-cv-00176-BLW-LMB (Filed April 10, 2012)**

Plaintiff's Complaint, again in the form of a letter to the Court, contains allegations that the Boise Police Department ("BPD") is "discriminating against [Plaintiff] because he is disabled." In sum, Plaintiff claims that BPD "wouldn't do anything about" Plaintiff's identity being stolen by HUD, or investigate Plaintiff's allegations that two men posing as cable-repairmen put a "magnet on [Plaintiff's] hard drive to wipe all ... evidence away for [his] lawsuits," or investigate allegations that someone entered his home and tortured his dog. Further, Plaintiff claims that on May 15, 2011, he was "falsely arrested for disturbing the peace." Plaintiff connects his claims,

stating that "the things that [have] been happening to [him]" are because of the discrimination claim he filed against his landlord, Tomlinson & Associates.

Again, DeRock does not make any specific relief claim.

6. **Defendant P. Gloria DeKelley, 1:12-cv-00177-BLW-LMB (Filed April 10, 2012)**

It is alleged that Defendant DeKelley lives in the apartment below Plaintiff. According to DeRock, DeKelley "has been trying to get [DeRock] evicted." DeRock explains, through a series of letters that have each been titled complaint, that "it all started after she had to give up her dog because [DeRock] filed a discrimination complaint against Tomlinson & Associates that involved [DeKelley]." From DeRock's filings, it appears that, after HUD denied his discrimination claim, that implicated DeKelley's dog ownership, the two neighbors began harassing each other in various ways.

DeRock claims that "DeKelley plays just her bass music for hours and hours when she isn't home just to harass me," and that she started a rumor in the apartment complex that he was spying on her. From the letters, and attached exhibits, it appears that the relationship between DeRock and DeKelley has been anything but pleasant, requiring police assistance on several occasions. DeRock states that he was cited and arrested at least twice based on false charges made by DeKelley.

DeRock writes that his intention in filing the suit "is not to harass" DeKelley, "but it is [DeRock's] intention to get justice." As with his other complaints, DeRock makes no demand or request for relief here.

REPORT AND RECOMMENDATION - 9

### 7.   Defendant Legal Aid, 1:12-cv-00301-BLW-LMB
   (Filed June 14, 2012)

Following HUD's denial of DeRock's discrimination claim, DeRock claims in his complaint that he attempted to engage the services of Idaho Legal Aid to file a lawsuit against his landlord, and perhaps HUD. Legal Aid did not take DeRock's case. According to DeRock, Legal Aid informed him that they would not take the case because DeRock's "case lacks a sufficient chance of success to justify taking it."

As in his other complaints, in this complaint against Legal Aid, DeRock alleges various wrongdoing, but makes no claim for specific relief. However, in the cover sheet submitted with this complaint, DeRock states that Legal Aid's refusal to help him with his housing discrimination claim entitles him to an award of $4 million.

### 8.   Defendant Intermountain Fair Hous. Council, 1:12-cv-305-BLW-LMB
   (Filed June 15, 2012, Amended Complaint filed July 3, 2012)

In this complaint, DeRock asserts that Defendant "Intermountain Fair Housing Council is involved in a conspiracy ... along with the Boise City Attorney's Office, Sprint Nextel, Gloria DeKelley, Boise City/Ada County Housing Authority, HUD, Legal Aid, Boise Police Department, [and] Idaho Department of Health and Welfare." Plaintiff further notes that he has not "filed against LINC, Tomlinson & Associates or the FBI yet."

Consistent with his complaint naming Legal Aid, DeRock's Amended Complaint here complains that "IMFHC wouldn't help me file a discrimination lawsuit against

**REPORT AND RECOMMENDATION - 10**

BCACHA." According to DeRock, Defendant Intermountain Fair Housing Council "discriminated against me by refusing to help me because I am disabled." Again here, DeRock alleges wrongdoing, but makes no claim for specific relief.

       9.       **Defendant Dept. of Health & Welfare, 1:12-cv-00316-BLW-LMB (Filed June 21, 2012)**

In a document labeled Complaint, Plaintiff writes to the Court about an incident he had with the Department of Health and Welfare's Mobile Crisis team. DeRock explains that, sometime in late 2011, he left a phone message with Christa Ledbetter, an employee of Living Independence Network Corporation (LINC), about his anger relating to having two lawsuits dismissed. According to Plaintiff, Ledbetter took DeRock's message as a threat to kill United States Magistrate Judge Mikel H. Williams. DeRock states that Ledbetter responded to DeRock's message by activating the mobile crisis unit, which quickly showed up at DeRock's residence with Boise Police.

DeRock denies threatening to kill Judge Williams, and claims that the mobile crisis unit and the police were illegally attempting to commit him to a mental institution. DeRock explains that "BPD was trying to have me committed because of all my lawsuits..."

DeRock concludes stating that "I know that the USC code most likely isn't the right code but I don't know how to find it or understand how to or would I know if I had the right code if I was to read it. This is with all my lawsuits ..."

DeRock, again, fails to make a request for specific relief.

REPORT AND RECOMMENDATION - 11

### 10. Defendant Living Independence Network, 1:12-cv-00339-BLW-LMB (Filed July 5, 2012)

Finally, in the last companion lawsuit being considered here, DeRock expands on his complaints against Defendant LINC, referenced in his complaint against Defendant Health & Welfare. DeRock writes that LINC discriminated against him "[b]y trying to have me committed and not helping me file my lawsuits ..." DeRock explains that LINC's part in the incident(s) with the crisis unit, and LINC's refusal to assist DeRock with his legal issues, are discriminatory because he is disabled.

In discussing his pending lawsuits, DeRock surmises that "I have yet to file discrimination charges against Tomlinson & Associates . . ." and that "I still haven't filed a lawsuit against the FBI yet either because they are behind all of this."

Although DeRock alleges discrimination and conspiracy, he seeks no specific relief.

### B.   Standard of Review

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Plaintiff is proceeding pro se, a complaint must be liberally construed, and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447

(9th Cir. 2000). Additionally, if the complaint can be saved by amendment, then Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). However, as noted by the Supreme Court in *Ashcroft v. Iqbal*, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).[2] The pleading standard in Fed. R. Civ. P. 8 requires more than "'naked assertion[s]' devoid of 'further factual enhancements.'" *Id*. (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)).

## ANALYSIS

### A. Frivolous Complaints

A district court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Ninth Circuit Court of Appeals has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted).

---

[2] Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions.

REPORT AND RECOMMENDATION - 13

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more man labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n .5 (4th Cir. 2008) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court has carefully and thoroughly reviewed all of DeRock's lengthy filings to determine whether he has stated any claim upon which relief may be granted in any of his pending lawsuits. The only reasonable conclusion that can be reached is that Plaintiff's allegations have no basis in law or fact and can best be described as "fanciful," "fantastic," or "delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court finds it is not necessary to discuss each of Plaintiff's intricate factual allegations beyond the summary given herein. Further, because it appears that giving Plaintiff an opportunity to amend his Complaints would be futile,[3] the undersigned recommends that each of DeRock's lawsuits should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because they are truly frivolous. Alternatively, they are subject to dismissal for failing to state a claim upon which relief can be granted and none of the complaints can be plausibly saved by amendment.

C.   **Vexatious Litigant**

---

[3] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

Considering the number of frivolous filings DeRock has made over the past two years, as evidenced by the filing dates, and further considering his request for in forma pauperis status, the Court concludes it is necessary to enter a pre-filing order requiring him to obtain prior approval of the court before filing any further complaints without paying the filing fee.

A federal court has the inherent power to enter pre-filing review orders against vexatious litigants under the All Writs Act, 28 U.S.C. § 1651(a). *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). This is an extreme remedy, and should be used rarely, but "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

Before a district court enters a pre-filing review order, the court must (1) give the litigant notice and an opportunity to be heard, (2) compile an "adequate record for review," which "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," (3) make substantive findings about the frivolous or harassing nature of the litigation; and (4) narrowly tailor any injunctive order to remedy the particular vice at issue. *De Long*, 912 F.2d at 1148. As to the core finding of frivolousness or harassment, the court should examine both the number and content of the litigant's cases or claims to determine whether they are

REPORT AND RECOMMENDATION - 15

patently without merit. *Molski*, 500 F.3d at 1059 (citing *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

In sum, DeRock has filed twelve frivolous lawsuits over the past seventeen months.  In each and every case, his conspiratorial and matter-of-fact allegations are wholly unsupported by any evidence.  Further, Plaintiff has continued to file lawsuits realleging many of the same claims that have previously been dismissed as frivolous.  *See DeRock v. Housing and Urban Development*, 1:11-cv-00133-MHW ("The Complaint is replete with conclusory allegations based on what appears to be a vivid imagination ...").  Even the most liberal treatment of DeRock's Complaints require dismissal.  In the court's view, DeRock's allegations could be viewed as premised upon "fantastic or delusional scenarios" and "outlandish theories." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

The multiple lawsuits filed by DeRock illustrate a pattern of neglect and an abuse of the court system. Because such abuse is likely to continue, some restriction on his ability to file lawsuits is warranted.  Restricting his ability to file in forma pauperis, without paying the filing fee, is sufficiently narrowly tailored to enjoin his abuse of the system.   Accordingly, the undersigned recommends that District Court enter an order requiring DeRock to obtain approval of the court before filing any further complaints. The objection procedures of Fed. R. Civ. P. 72(b)(2), outlined below, allow DeRock a sufficient opportunity to be heard on this issue.

## RECOMMENDATION

In accordance with the foregoing, it is hereby RECOMMENDED:

1. Plaintiff's Complaints in the following cases be DISMISSED with prejudice:

    A. *DeRock v. Sprint-Nextel*, 1:11-cv-00619-BLW-LMB;

    B. *DeRock v. Boise City, et al*, 1:12-cv-00024-BLW-LMB;

    C. *DeRock v. City Attorney's Office*, et al, 1:12-cv-00168-BLW-LMB;

    D. *DeRock v. Hous. and Urban Dev.*, 1:12-cv-00169-BLW-LMB;

    E. *DeRock v. Boise City Police Dept.*, 1:12-cv-00176-BLW-LMB;

    F. *DeRock v. DeKelley*, 1:12-cv-00177-BLW-LMB;

    G. *DeRock v. Legal Aid*, 1:12-cv-00301-BLW-LMB;

    H. *DeRock v. Intermtn. Fair Hous. Council*, 1:12-cv-0305-BLW-LMB;

    I. *DeRock v. Dep. of Health & Welfare*, 1:12-cv-0316-BLW-LMB; and

    J. *DeRock v. Living Indep. Network Corp.*, 1:12-cv-00339-BLW-LMB.

2. DeRock's requests to proceed in forma pauperis be DENIED as moot;

3. The remaining pending motions in each case be DENIED as moot; and

4. A pre-filing order be entered enjoining DeRock from filing any more actions in forma pauperis without prior leave of Court.

## OBJECTIONS

Written objections to this Report and Recommendation must be filed within fourteen days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result the

REPORT AND RECOMMENDATION - 17

right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.  The parties are advised that this is a report and recommendation and not a final, appealable order, and thus no appeal can be taken from this report and recommendation.



DATED:  **August 9, 2012**.

Honorable Larry M. Boyle
United States Magistrate Judge